IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LESTER F. ANDERSON, | : |
| Petitioner, | : |
| v. | : Civil Action No. 14-684-RGA |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM OPINION**

Lester F. Anderson. *Pro se* Petitioner.

Morgan Taylor Zurn, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

July ___, 2015
Wilmington, Delaware

*signature*

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Lester F. Anderson ("Petitioner") has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 7) The State filed an Answer in opposition. (D.I. 17) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In February 1992, a Delaware Superior Court jury found Petitioner guilty of first degree murder for fatally beating a person in the head ten to fifteen times with a baseball bat. *See State v. Anderson*, 1996 WL 769265, at *1 (Del. Super. Ct. Dec. 17, 1996). On July 10, 1992, the Delaware Superior Court sentenced Petitioner to life imprisonment. (D.I. 17 at 1) Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's conviction and sentence on May 14, 1993. *See Anderson v. State*, 625 A.2d 278 (Table), 1993 WL 169121 (Del. 1993).

On May 13, 1996, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See State v. Anderson*, 1996 WL 769265 (Del. Super. Ct. Dec. 17, 1996). The Superior Court denied the Rule 61 motion on December 17, 1996, and the Delaware Supreme Court affirmed that decision on June 6, 1997. *Id*; *Anderson v. State*, 696 A.2d 396 (Table), 1997 WL 346191 (Del. June 6, 1997).

Petitioner filed a second Rule 61 motion on December 28, 1999, which the Superior Court denied on March 24, 2000. (D.I. 17 at 2) Petitioner appealed, but the Delaware Supreme Court dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. *See Anderson v. State*, 757 A.2d 1277 (Table), 2000 WL 1152440 (Del. July 27, 2000).

Petitioner filed a third Rule 61 motion on March 25, 2008, and the Superior Court denied that

motion on April 9, 2008. *See State v. Anderson*, 2008 WL 1724257 (Del. Super. Ct. Apr. 9, 2008). Petitioner did not appeal that decision.

Petitioner filed his fourth Rule 61 motion on February 22, 2013. *See State v. Anderson*, 2013 WL 1196332 (Del. Super. Ct. Mar. 25, 2013). The Superior Court denied the motion, along with a motion by his co-defendant, Joe Travis, advancing a similar theory, on March 25, 2013, and the Delaware Supreme Court affirmed that judgment on June 26, 2013. *See Anderson v. State*, 69 A.3d 370 (Table), 2013 WL 3326827 (Del. June 26, 2013).

The instant Petition is dated May 2014, and asserts the following three grounds for relief: (1) the Superior Court erred by addressing and denying his fourth Rule 61 motion in the same written order as his co-defendant's motion; and (2) the attorney who represented him during his first Rule 61 proceeding provided ineffective assistance. The State contends that the Court should deny the Petition as time-barred. (D.I. 17)

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Here, Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). As such, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on May 14, 1993, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on August 13, 1993. However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 23, 1997.[1] *See McAleese v. Brennan*, 483 F.3d 206,

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this Circuit. In the present situation, however, Petitioner filed his Petition well-past either cut-off date, rendering the one-day difference immaterial.

4

213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Consequently, Petitioner had until April 23, 1997 to timely file his Petition.

Petitioner did not file the instant § 2254 Petition until May 27, 2014,[2] more than seventeen full years after the expiration of AEDPA's statute of limitations. Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his first Rule 61 motion on May 13, 1996, eighteen days of AEDPA's limitations period had already expired. The first Rule 61 motion tolled the limitations period through June 6, 1997, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of that motion. The limitations clock started to run on June 7, 1997, and

---

[2]Pursuant to the prisoner mailbox rule, the Court adopts as the filing date February 26, 2014, which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

5

ran the remaining 347 days without interruption until it expired on May 20, 1998. Consequently, Petitioner's three subsequent Rule 61 motions have no statutory tolling effect because all three motions were filed after the expiration of AEDPA's limitations period.

Thus, even with the statutory tolling triggered by Petitioner's first Rule 61 motion, Petitioner filed the instant Petition approximately sixteen years too late. Accordingly, the Petition must be dismissed as time-barred, unless equitable tolling is available.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahoney*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

In this case, Petitioner does not allege, and the Court does not discern, that any extraordinary circumstances prevented him from filing the instant Petition in a timely manner. To the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Additionally, to the extent Petitioner's citation to *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) (D.I. 1 at 12; D.I. 2 at 2, 3, 14; D.I. 7 at 4) should be construed as an attempt to assert a basis for equitable tolling, the argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period. *See Wilkinson v. Pierce,* 2015 WL 366057, at *4 (D. Del. Jan. 26, 2015).

For all of these reasons, the Court concludes that that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will dismiss the instant Petition as time-barred.

## III. PENDING MOTIONS

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel (D.I. 23) and a Motion to Expand the Record with eight items from his criminal case (D.I. 26). None of the items requested in the Motion to Expand the Record appear to bear on the timeliness on the instant Petition. Thus, having already concluded that the Petition is time-barred, the Court will dismiss both Motions as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as time-barred. An appropriate Order will be entered.